1  ERIC DONEY, #76260
   edoney@donahue.com
2  JULIE E. HOFER, #152185
   jhofer@donahue.com
3  ANDREW S. MACKAY, #197074
   amackay@donahue.com
4  DONAHUE FITZGERALD LLP
   1999 Harrison Street, 25th Floor
5  Oakland, California  94612-3520
   Telephone:    (510) 451-3300
6  Facsimile:     (510) 451-1527

7  Attorneys for Plaintiff
   AUTODESK, INC.
8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12 | AUTODESK, INC., a Delaware       | CASE NO.
   | corporation,                     |
13 |                                  | **COMPLAINT FOR DAMAGES AND
   |          Plaintiff,              | INJUNCTIVE RELIEF**
14 |                                  |
   |     v.                           |
15 |                                  |
   | INSTRUMENT CONTROL SERVICES, a   |
16 | California corporation, and MICHAEL |
   | LEBLANC, an individual,          |
17 |                                  |
   |          Defendants.             |
18

Plaintiff Autodesk, Inc. ("Autodesk") states and alleges as follows for its complaint against defendants Instrument Control Services and Michael Leblanc (collectively hereinafter referred to as "Defendants").

## JURISDICTION AND VENUE

### Parties

1. Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

2. Autodesk is informed and believes and thereon alleges that Instrument Control Services is a California corporation with its principal place of business in Ventura, California.

3. On information and belief, Michael Leblanc: (a) is an individual whose residence is in California; (b) at all times relevant hereto was and is an officer, shareholder, director, and/or agent of defendant Instrument Control Services; and (c) personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint and derived financial benefit from that conduct.

4. Autodesk is informed and believes and thereon alleges that each of the Defendants was the agent, employee, and/or alter-ego of each of the other, and at all times relevant herein, acted within the course and scope of such agency and/or employment.

### Jurisdiction

5. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over Autodesk's claims pursuant to 17 U.S.C. § 501, *et seq.* (copyright), 28 U.S.C. § 1331 (federal subject matter jurisdiction), and 28 U.S.C. § 1338(a) (copyright actions).

6. Autodesk is informed and believes and thereon alleges that Defendants knew, or reasonably should have known, that Autodesk: (a) is located in California, and that Defendants directed and aimed their unauthorized activities at Autodesk, which is located in the Northern District of California; and (b) would likely suffer the brunt of the harm caused by Defendants in California at Autodesk's principal place of business. Defendants' activities complained of herein caused Autodesk to bear the brunt of the harm in California at its principal place of business in

San Rafael, California within this District.

## Venue

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## Intradistrict Assignment

8. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

### Introduction

9. Autodesk is in the business of, and has made and continues to make substantial investments of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of software products recorded on various media, including, without limitation, optical disks for use on computers.

10. In connection with Autodesk's software products, Autodesk owns copyrights that are the subject of registrations with the United States Copyright Office.

11. Widespread use of illegal copies of Autodesk's software products (commonly known as software piracy) has caused, and continues to cause, significant harm to Autodesk and undermines Autodesk's investments in its products.

12. Autodesk brings this action as a result of Defendants' unauthorized reproduction and use of certain of Autodesk's software products. Defendants' actions and omissions complained of herein were and continue to be undertaken willfully, intentionally, and maliciously and have caused and continue to cause substantial damage to Autodesk.

13. Autodesk respectfully requests that the Court enter an injunction against Defendants and award Autodesk damages, costs, and attorney's fees as allowed by statute.

### Autodesk's Software Products and Copyrights

14. Autodesk's software products include computer-aided design and other programs, such as AutoCAD® 2009 software, AutoCAD® 2010 software, AutoCAD® 2011 software, AutoCAD® 2012 software, and AutoCAD® 2013 software. These products, along with their

reference materials are hereinafter collectively referred to as the "Autodesk Products."

15. The Autodesk Products contain a large amount of material that is wholly original with Autodesk and is copyrightable subject matter under the laws of the United States. At all times herein relevant, Autodesk complied in all respects with the Copyright Act and secured the exclusive rights and privileges in and to the copyrights in the Autodesk Products (collectively the "Autodesk Copyrights").

16. Each of the Autodesk Products is an original work, copyrightable under the Copyright Act, and has been timely registered in full compliance with the Copyright Act. Autodesk has received a Certificate of Registration from the Register of Copyrights for each of the Autodesk Products, copies of which are attached as Exhibit A hereto and incorporated herein by reference.

17. Since the registration of the Autodesk Copyrights, the Autodesk Products have been published and distributed by Autodesk or under its authority in compliance with the provisions of the Copyright Act. Autodesk has thus fully maintained the validity of the copyrights in the Autodesk Products.

18. Autodesk has never authorized Defendants to copy or reproduce the Autodesk Products in violation of any of the Autodesk Copyrights.

## The Business and Infringing Activities of Defendant

19. Autodesk is informed and believes and thereon alleges that defendant Instrument Control Services is involved in automation design, electrical/instrumentation construction, maintenance, facilities operations support, and valve repair services. Autodesk is informed and believes and thereon alleges that defendant Michael Leblanc was at all times relevant hereto and is the Chief Financial Officer of Instrument Control Services. On information and belief, Michael Leblanc personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint and derived financial benefit from that conduct.

20. Autodesk is informed and believes and thereon alleges that in conducting their business, Defendants have engaged in the unauthorized reproduction of certain of the Autodesk Products onto computers located at their premises and that Defendants use copies of the Autodesk

Products.

21. Autodesk is informed and believes and thereon alleges that Defendants have not purchased a license for any Autodesk Product.

22. Autodesk is informed and believes and thereon alleges that, without Autodesk's authorization, Defendants have: (a) copied and reproduced certain of the Autodesk Products; and (b) circumvented technological measures that effectively control access to the Autodesk Products (collectively, the "Access Control Technology").

23. Autodesk is informed and believes and thereon alleges that Defendants have willfully, intentionally, and maliciously engaged in the acts and omissions complained of herein without regard to Autodesk's proprietary rights.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

24. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 23 above as though fully set forth.

25. Defendants' acts and omissions constitute willful, intentional, and malicious infringement of the Autodesk Copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

26. Defendants' willful, intentional, and malicious copyright infringement has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and has caused and will continue to cause Autodesk to lose profits in an amount not yet ascertained.

27. Defendants' copyright infringement, and the threat of continuing infringement by Defendants, has caused and will continue to cause Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts and omissions complained of herein and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate Autodesk for the injuries already inflicted and further threatened by Defendants. Therefore, Autodesk respectfully requests as prayed for below that Defendants be restrained and enjoined as authorized by the Copyright Act.

## SECOND CLAIM FOR RELIEF

### (Circumvention of Copyright Protection Measures)

28.     Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 27 above as though fully set forth.

29.     The Autodesk Products contain Access Control Technology.

30.     Autodesk is informed and believes and thereon alleges that, without Autodesk's authorization, Defendants willfully, intentionally, and maliciously circumvented the Access Control Technology in violation of 17 U.S.C. § 1201(a).

31.     Defendants' willful, intentional, and malicious circumvention of the Access Control Technology has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and has caused and will continue to cause Autodesk to lose profits in an amount not yet ascertained.

32.     Defendants' circumvention of the Access Control Technology, and the threat of continuing circumvention, has caused and will continue to cause Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts and omissions complained of herein and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, Autodesk respectfully requests as prayed for below that Defendants be restrained and enjoined as authorized by the Copyright Act and any device or product in Defendants' possession, custody, or control that enabled or was involved in the circumvention should be impounded pursuant to 17 U.S.C. § 1203(b).

### PRAYER FOR RELIEF

WHEREFORE, Autodesk seeks relief as follows:

1.     That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

   (a) Copying, reproducing, distributing, or using any unauthorized copies of Autodesk's copyrighted software products;

   (b) Otherwise infringing any of Autodesk's copyrights;

   (c) Circumventing any technological measure that effectively controls access to any of Autodesk's software products;

   (d) Destroying, or otherwise disposing of, or altering any copies of software or other products, materials, technologies, services, devices, components, documents, or electronically stored data or files that relate or pertain in any way to the:

     (i) Copying, reproduction, distribution or use of any of Autodesk's software products;

     (ii) Circumvention of any technological measure that effectively controls access to any of Autodesk's software products; or

     (iii) Infringement of any of Autodesk's copyrights.

  2. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a), (b), and (c) of this Prayer for Relief;

  3. That Autodesk be awarded for Defendants' willful, intentional, and malicious copyright infringement either: (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' infringement of Autodesk's copyrighted software products; or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Autodesk's election before the entry of a final judgment;

  4. That Autodesk be awarded for Defendants' willful, intentional, and malicious circumvention of technological copyright protection measures either: (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' circumvention; or (b) statutory damages for each violation in an amount provided by law, as set forth in 17 U.S.C. § 1203(c), at Autodesk's election before the entry of a final judgment;

  5. That the Court issue an order upon entry of judgment in this action requiring Defendants to destroy any and all infringing copies in Defendants' possession, custody, or control of Autodesk's software products, as set forth by the Copyright Act, 17 U.S.C. § 503(b);

6. That the Court issue an order requiring Defendants to serve on Autodesk within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

7. That the Court award Autodesk its reasonable attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

8. That the Court award Autodesk its costs of suit incurred herein; and

9. That the Court grant such other and further relief as it deems just and proper.

Dated: July 22, 2014          DONAHUE FITZGERALD LLP

By: *Julie E. Hofer* (signature)
Julie E. Hofer
Attorneys for Plaintiff
AUTODESK, INC.

-7-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    CASE NO.